Moore Investment Company, Transferee v. Commissioner.
Moore Inv. Co. v. Commissioner
Docket No. 75840.
United States Tax Court
T.C. Memo 1961-261; 1961 Tax Ct. Memo LEXIS 86; 20 T.C.M. (CCH) 1364; T.C.M. (RIA) 61261; September 18, 1961
Robert F. Ritchie, Esq., Republic Bank Bldg., Dallas, Tex., for the petitioner. David E. Mills, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined a deficiency of $30,274.17 in the income tax of Moore Grocery Company for the taxable year January 1 through March 31, 1953, and further has determined that the petitioner is liable as transferee of assets of that company for the deficiency. All of the issues presented by the pleadings have been disposed of by stipulation of the parties except three, namely, the correctness of the respondent's action (1) in failing to determine that the statutory period for determining the above-mentioned transferee liability against petitioner has expired, (2) in determining that petitioner is liable as a transferee for *87 the above-mentioned deficiency, and (3) in failing to allow as a deduction in determining the deficiency an amount of $24,912.47 taken by Moore Grocery Company as ad valorem taxes upon real and personal property owned by it on January 1, 1953. Findings of Fact Some of the facts have been stipulated and are found accordingly. Moore Grocery Company, sometimes hereinafter referred to as Grocery, was a Texas corporation organized in 1903 with its principal office and place of business in Tyler, Texas. The Federal income tax returns filed by it for the taxable years prior to 1953 were prepared on the basis of a calendar year. On March 12, 1954, it filed with the director in Dallas, Texas, its Federal income tax return for the taxable year January 1 through March 31, 1953. The petitioner, Moore Investment Company, is a Texas corporation organized on March 5, 1953, with its principal office and place of business in Dallas, Texas. It established its accounting period on a calendar year basis. Later in March 1953, petitioner acquired all of the capital stock of Grocery, and it and Grocery, along with other subsidiaries of petitioner, elected to and did file a consolidated income tax *88 return for 1953. The consolidated return which was in the name of the petitioner and prepared for the calendar year 1953 was filed with the director in Dallas on March 15, 1954. Grocery's income subsequent to March 31 and through December 31, 1953, was reported in the consolidated return and is not involved herein. Pursuant to a plan of dissolution Grocery on or prior to December 28, 1953, distributed all of its assets to petitioner, its sole stockholder. As a result of the foregoing distribution Grocery was left without assets or property of any value and was dissolved on December 28, 1953. Following Grocery's filing on March 12, 1954, of its income tax return for the taxable year January 1 through March 31, 1953, the respondent assessed interest and an addition to tax against Grocery for late filing of the return. Grocery's accountants and auditors, as its representatives, protested the assessment of the interest and addition to tax and requested an abatement thereof in a letter, dated April 15, 1954, which contained the following: The facts are that Moore Grocery Company was a corporation which became a member of an affiliated group on April 1, 1953. This affiliated group *89 (Moore Investment Company) filed a consolidated return for 1953 on the calendar year basis. Moore Grocery Company had, at all times prior to affiliation, filed on a calendar year basis. The tax return in question is the return filed by Moore Grocery Company for the portion of the year that it was not a member of the affiliated group (namely Jan. 1, 1953 to March 31, 1953). Moore Grocery Company did not change its accounting period to March 31, 1953. Rather, it continued on the calendar year basis when it became a member of an affiliated group which also filed on a calendar year basis. Moore Grocery Company did not liquidate on March 31, 1953 but continued in existence as a member of the affiliated group. The regulations provide as follows: Reg. 129, Sec. 24.13(g) "If a corporation, during its taxable year (determined without regard to the affiliation), becomes a member of an affiliated group, its income for the portion of such taxable year not included in the consolidated return of such group must be included in a separate return ( ). ." Reg. 129, Sec. 24.13(h) "If a corporation, during its taxable year (determined without regard to the affiliation), becomes a member of *90 an affiliated group, the separate return required for the portion of such taxable year during which it was not a member of the group must be made on or before the 15th day of the third month following the close of its taxable year (determined without regard to the affiliation)." Thereafter, on April 21, 1954, the respondent abated the interest and addition to tax and issued a tax abatement voucher therefor on that date. During the latter part of 1956 the respondent was making an investigation of the tax liability of both Grocery and the petitioner for 1953 and of the petitioner for 1954. On or about December 13, 1956, the respondent transmitted to petitioner by letter an instrument (Form 977) which reads, in part, as follows: CONSENT FIXING PERIOD OF LIMITATION UPON ASSESSMENT OF LIABILITY AT LAW OR IN EQUITY FOR INCOME AND PROFITS TAX AGAINST A TRANSFEREE December 13, 1956 In pursuance of the provisions of existing Internal Revenue Laws, Moore Investment Company, Kirby Bldg., Dallas, Texas, 820 Republic Bank Bldg. and the Commissioner of Internal Revenue hereby consent and agree as follows: That the amount of the liability, at law or in equity, of Moore Investment Company, *91 as transferee, in respect of any income, excess-profits, or war-profits taxes (including interest, additional amounts, and additions to the tax provided by law) imposed against or due from Moore Grocery Co., Tyler, Texas, for the taxable year (or years) ended December 31, 1953, under existing acts, or under prior revenue acts, may be assessed at any time on or before June 30, 1958 except that, if a notice of such liability is sent to said transferee by registered mail on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the Commissioner is prohibited from making an assessment and for 60 days thereafter. The foregoing instrument was executed by petitioner on or about December 14, 1956, and returned to the respondent who executed it on December 28, 1956. Subsequently and on or about January 8, 1957, the respondent submitted to the petitioner an instrument (Form 872) which reads, in part, as follows: CONSENT FIXING PERIOD OF LIMITATION UPON ASSESSMENT OF INCOME AND PROFITS TAX January 8th, 1957 In pursuance of the provisions of existing Internal Revenue Laws, Moore Investment Company, *92 820 Republic Bank Bldg., a taxpayer (or taxpayers) of Kirby Building, Dallas 1, Texas, and the District Director of Internal Revenue hereby consent and agree as follows: That the amount of any income, excess-profits, or war-profits taxes due under any return (or returns) made by or on behalf of the above-named taxpayer (or taxpayers) for the taxable year ended December 31, 1953, under existing acts, or under prior revenue acts, may be assessed at any time on or before June 30, 1958, except that, if a notice of deficiency in tax is sent to said taxpayer (or taxpayers) by registered mail on or before said date, then the time for making any assessment as aforesaid shall be extended beyond the said date by the number of days during which the District Director is prohibited from making an assessment and for sixty days thereafter. The foregoing instrument was executed by the petitioner and returned to the respondent who executed it on January 15, 1957. Thereafter the respondent sent Grocery a 10-day letter, dated June 18, 1957, with reference to certain deductions which Grocery had taken in its income tax return for its taxable year January 1 through March 31, 1953, which he proposed *93 to disallow as a result of his investigation of its income tax liability for that period. Subsequently the respondent sent a 30-day letter, dated September 25, 1957, to Grocery, c/o petitioner, as transferee, with reference to the deficiency in Grocery's income tax for its taxable year January 1 through March 31, 1953, involved herein. Attached to the letter were a copy of a report of respondent's investigation of Grocery's income tax liability for the foregoing period and a copy of Form 870, "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax." In response to respondent's letter of September 25, 1957, the petitioner filed with respondent a document, dated October 23, 1957, entitled "Protest of Moore Investment Company (Transferee) Against Proposed Assessment of Deficiency Income Tax Against Moore Grocery Company (Dissolved)" and more specifically designated the subject matter of the protest as "In re: Moore Grocery Company Income Tax, Taxable Year Ended March 31, 1953." In the foregoing instrument the petitioner protested against the proposed assessment on various grounds and requested a hearing thereon in Dallas. Thereafter the respondent sent the petitioner *94 a letter, dated January 13, 1958, which reads, in part, as follows: This is in reference to the Federal income tax case of Moore Grocery Co., of which you are transferee, for the taxable year ended March 31, 1953, and your Federal income tax case for the taxable years 1953 and 1954, which are under consideration by this office. It is desired to bring to your attention the fact that the statutory period of limitation upon the assessment of any tax which may be found due on the returns will expire in the near future. Although it is the purpose of the Internal Revenue Service to try to reach a final determination of your income tax liability which will be satisfactory to you, as well as to the Government, it is evident that sufficient time does not remain to permit a thorough and mutually satisfactory determination without the statutory period of limitation. Therefore, in order that you and the Internal Revenue Service may be afforded ample time in which to give thorough consideration to any questions or issues which may arrise [arris] during the course of the review of these cases, you are requested to execute, in triplicate, the enclosed consents, Forms 977 and 872, extending *95 the statutory period of limitation upon assessment of tax, and return them within ten days to this office, * * * The respondent enclosed with the foregoing letter three consent forms, each of which proposed fixing "at any time on or before June 30, 1959" as the time within which the liability for the taxable years specified therein might be assessed. One of the forms, Form 977, covered the liability of the petitioner as transferee of Grocery for the taxable year ended March 31, 1953. Another form, Form 872, covered the liability of the petitioner for its income tax for the taxable year ended December 31, 1953, and another, Form 872, covered the liability of petitioner for its income tax for the taxable year ended December 31, 1954. The petitioner refused to execute the consent, Form 977, which covered its liability as transferee of Grocery for the taxable year ended March 31, 1953, and by letter of its counsel, dated January 28, 1958, requested the respondent to expedite the issuance of the statutory notice for its liability as transferee of Grocery for the taxable year ended March 31, 1953. The requested notice was issued by respondent on May 29, 1958, and it is that notice which *96 gave rise to the instant proceeding. The period of time elapsed between March 15, 1954, the last day prescribed by law for the filing of the return of Grocery for its taxable year ended March 31, 1953, and May 29, 1958, the date of the mailing of the statutory notice involved herein, was 4 years and 75 days. The consolidated taxable year ended December 31, 1953, of petitioner and Grocery is the subject of a deficiency assessment by respondent and is not involved in this case and is not pending before this Court. Opinion We will consider first the issue of whether the respondent erred in failing to determine that the statutory period of assessment against petitioner of the deficiency in Grocery's income tax here in controversy had expired prior to May 29, 1958, the date of the mailing of the notice of deficiency involved herein. The controversy as to the foregoing issue revolves around the consent dated December 13, 1956, which contains the recital that petitioner consented and agreed that its liability as transferee of Grocery for Grocery's income tax "for the taxable year (or years) ended December 31, 1953" might be assessed at any time on or before June 30, 1958. The respondent *97 concedes that under the applicable provisions of the Code and Regulations 129, Grocery, by reason of its filing of a consolidated income tax return with petitioner and other corporations affiliated with petitioner, had during 1953 two taxable years, namely, the taxable year January 1 through March 31, 1953, and the taxable year ended December 31, 1953, which covered the period April 1 through December 31, 1953. Although recognizing that the consent dated December 13, 1956, contains no mention of the taxable year ended March 31, 1953, the respondent contends that since Grocery kept its books throughout 1953 on the calendar year basis, the basis on which it filed its income tax returns prior to 1953, we should conclude that the consent covered Grocery's taxable year ended March 31, 1953, as well as its taxable year ended December 31, 1953. Since petitioner, the parent corporation of the affiliated group, had established its accounting period on the calendar year basis and since Grocery had an established accounting period on the calendar year basis, Grocery's accounting period conformed to that of its parent, the petitioner. Since the respondent has not called our attention to any provision *98 of the Code or the regulations under which the instant circumstances required a change in Grocery's accounting period, and knowing of none, we fail to perceive merit in respondent's contention. We have considered American Loan Co. of Camden v. Commissioner, 70 F. 2d 290 (C.A.D.C., 1934), affirming 26 B.T.A. 1343 (1932) and other cases cited by respondent. Since those cases involved factual situations not involved herein, they are not determinative here. In contrast to the language "for the taxable year (or years) ended December 31, 1953," appearing in the consent dated December 13, 1956, which the respondent contends covers the petitioner's taxable year ended March 31, 1953, is the language "for the taxable year (or years) ended March 31, 1953," appearing in the proposed consent which respondent in his letter of January 13, 1958, requested the petitioner to execute and which the petitioner refused to do. In our opinion the difference in language is significant and is indicative of a realization by respondent that the consent dated December 13, 1956, was susceptible of being correctly construed as covering only Grocery's taxable year ended December 31, 1953, which *99 included the period April 1 through December 31, 1953, and not covering the taxable year ended March 31, 1953, which included the period January 1 through March 31, 1953, here in controversy. Under the circumstances presented herein we are of the opinion that the application of the consent dated December 13, 1956, is to be confined to the petitioner's taxable year stated therein, the year ended December 31, 1953, and is not to be extended to the taxable year ended March 31, 1953, as respondent urges. We have reached the foregoing opinion independently of the testimony given at the trial by petitioner's president, Robert E. Dennard, who stated that at the time he signed the consent dated December 13, 1956, on behalf of petitioner he was aware that Grocery had two taxable periods for the calendar year 1953, one which ended March 31, 1953, and the other for the portion of 1953 during which Grocery was affiliated with petitioner, that his understanding was that the consent related only to the tax liability of Grocery for the period of affiliation, April 1 through December 31, 1953, and that it was his intention to consent and agree to the extension of the statutory period of limitations *100 only for that portion of 1953. The foregoing testimony, however, supports the view which we have arrived at independently thereof. Having concluded that the consent dated December 13, 1956, is inapplicable to Grocery's taxable year ended March 31, 1953, and since the respondent concedes that the normal statutory period of 4 years during which he could assess the deficiency in question against petitioner as transferee of Grocery expired on March 15, 1958, and since the date of the mailing of the notice of deficiency was May 29, 1958, we sustain the petitioner on this issue. Since we have sustained the petitioner on the foregoing issue, it becomes unnecessary to consider the remaining issues. Decision will be entered for the petitioner.